UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMY DYER,

      Movant,

                                              File No. 1:12-CV-613

v.

                                              HON. ROBERT HOLMES BELL

UNITED STATES OF AMERICA,

      Respondent.
_____/

# **O P I N I O N**

## I.

This matter is before the Court on Movant Sammy Dyer's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot. Vacate.) The grand jury indicted Movant on one count: conspiracy to distribute, and possession with intent to distribute, cocaine, cocaine base (crack cocaine), and marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (1:96-CR-84, Dkt. No. 19, Superseding Indictment.) A jury found Movant guilty on March 6, 1997. (1:96-CR-84, Dkt. No. 226, Minutes.) Movant appealed, and his conviction was affirmed on March 5, 1999. (1:96-CR-84, Dkt. No. 384, Mandate.) A writ of certiorari was denied on July 1, 1999. (1:96-CR-84, Dkt. No. 388, Writ. Cert.) On June 14, 2012, Movant filed the present § 2255 motion. (Mot. Vacate). For the reasons that follow, this motion will be denied.

## II.

A prisoner who moves to vacate his sentence under § 2255 must show that the

sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

A prisoner's motion to vacate his sentence is subject to a one-year period of limitation that runs the latest of:

> (1)  the date on which the judgment of conviction becomes final;
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 495 (1990).

In reviewing a § 2255 motion where factual disputes arise, "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). The Court must grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Valentine,* 488 F.3d at 333 (quoting *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## III.

Movant's single claim asserts that his conviction should be overturned because the Supreme Court's ruling in *DePierre v. United States*, 131 S. Ct. 2225 (2011), makes the

offense for which Movant was convicted non-criminal. (Mot. Vacate 5.) Movant argues that ,under *DePierre*, to convict a defendant of conspiring to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii), the indictment must identify which mixture or substance held the cocaine base. (Dkt. No. 2, Mem. in Supp. of Mot. Vacate 4.)

Movant is not entitled to habeas relief on this claim because the motion is time barred. While Movant cites 28 U.S.C. § 2255(f)(3) and argues that his motion was timely filed within one year of *DePierre* (Mot. Vacate 13), the supposed new rule in *DePierre* is not retroactively applicable to cases on collateral review. The Supreme Court never made its holding in *DePierre* retroactive. *See* 131 S. Ct. 2225. In accordance with the Supreme Court's opinion, no appellate or district court has construed the case to apply retroactively. *See Wilson v. United States*, 475 F. App'x 530, 531 (5th Cir. 2012) ("*DePierre* did not decriminalize [prisoner's] criminal conduct and has not been held to be retroactively applicable."); *Fields v. Warden, FCC Coleman-USP 1*, 484 F. App'x 425, 427 (11th Cir. 2012) (noting that petitioner did not show *DePierre* was retroactively applicable); *Mosley v. Sepanek*, No. 12-CV-11-HRW, 2013 WL 1216084, at *4 (E.D. Ky. Mar. 25, 2013) ("*DePierre* is not retroactively applicable to cases on collateral review."); *Brookins v. United States*, No. 3:05-CR-5-S, 2012 WL 2922669, at *1 (W.D. Ky. July 18, 2012) (holding that *DePierre* is not retroactively applicable); *Wallace v. United States*, Nos. 4:12-CV-388-A, 4:07-CR-039-A, 2012 WL 2161268, at *3 (N.D. Tex. June 14, 2012) (finding that *DePierre* is not retroactively applicable and only clarifies existing law).

Even if *DePierre* were made retroactively applicable and Movant's claim was not time barred, the claim would fail on its merits. Movant contends that *DePierre* creates a new, substantive rule requiring an indictment for violation of §§ 846 and 841(b)(1)(A)(iii) to also charge that the defendant conspired to distribute a mixture or substance described in § 841(b)(1)(A)(ii) that contains cocaine base. (Mem. in Supp. of Mot. Vacate 4.) Possession with intent to distribute cocaine base implicates § 841(b)(1)(A)(iii) regardless of what mixture or substance contains the cocaine base. The indictment's failure to specify which mixture or substance does not affect the criminality of Movant's conduct.

Further, Movant's reliance on *DePierre* is misguided. *DePierre* held that the "term 'cocaine base' as used in § 841(b)(1) means not just 'crack cocaine' but cocaine in its chemically basic form." 131 S. Ct. at 2237. The Supreme Court's discussion of § 841(b)(1)(A)(ii)'s relation to clause (iii) was done merely to evaluate the reasonableness of Congress' decision to use slightly inconsistent terms ("cocaine" v. "cocaine base") in each respective section. *DePierre*, 131 S. Ct. at 2227. A substantive change nullifying Movant's conviction appears nowhere in the court's discussion. The indictment charged Movant with possession with intent to distribute cocaine base, (1:96-CR-84, Superseding Indictment), and Movant's guilt was established at trial. (1:96-CR-84, Minutes.) Consequently, Movant's claim is without merit.

**IV.**

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a

5

certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Upon review of each claim, the Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong. Accordingly, a certificate of appealability will also be denied as to each claim.

An order and judgment consistent with this opinion shall be entered.

Dated: June 25, 2013                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE